NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3435
_____

UNITED STATES OF AMERICA

v.

HUY TRONG LUONG,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-09-cr-00232-001)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 14, 2010

Before:  RENDELL, FISHER and GARTH, *Circuit Judges*.

Filed: September 14, 2010
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Huy Trong Luong ("Luong") pled guilty in the United States District

Court for the District of New Jersey to two counts of bank robbery in violation of 18

U.S.C. §§ 2113(a).  The District Court imposed a sentence of 144 months of

imprisonment, from which Luong now appeals. For the reasons stated herein, we will affirm the District Court's sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Between January 11, 2008, and May 5, 2008, Luong robbed or attempted to rob nine banks in New Jersey and Connecticut. Two separate indictments – one in New Jersey and one in Connecticut – were filed charging Luong with the robberies. The indictments were then consolidated in the United States District Court for the District of New Jersey.

On March 31, 2009, Luong pled guilty, pursuant to a written plea agreement, to a one-count information charging him with the robbery of a Commerce Bank in Bergenfield, New Jersey and to one count of a three-count indictment charging him with the robbery of a Wachovia Bank in Greenwich, Connecticut. At his plea hearing, Luong acknowledged his robbing or attempting to rob seven additional banks.

The plea agreement contemplated a base offense level of 30, but provided for a 3-level reduction for acceptance of responsibility and timely notification of intent to plead guilty, resulting in an offense level of 27. The parties agreed not to seek departures from this offense level, and agreed that "a sentence within the Guidelines range that results

2

from the agreed total Guidelines offense level of 27 is reasonable." (App. 207.) The plea agreement did not specify what criminal history category would apply to Luong.

In Luong's presentence report, the probation office determined that Luong's criminal history, which included prior convictions for possession of crack cocaine with intent to distribute and aggravated assault, made Luong a career offender pursuant to U.S.S.G. § 4B1.1. Under the Guidelines, career offender status elevated Luong's offense level to 29 and increased his criminal history category from IV to VI.

At Luong's sentencing hearing, he did not dispute the applicability of the career offender status, but argued that he should be sentenced based on the Guidelines range of 100-125 months that corresponded with the lower criminal history category of IV and the offense level of 27 contained in the plea agreement. The District Court, in an effort to honor the spirit of the plea agreement, sentenced Luong as if his offense level were 27; however, the Court reasoned that the criminal history category of VI was appropriate and therefore sentenced Luong to 144 months' imprisonment based on a criminal history category of VI and an offense level of 27.

This timely appeal followed.[1]

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

II.

In imposing a sentence, a district court must calculate the advisory Guidelines sentence, formally rule on the motions of both parties and state whether it is granting a departure and how that departure affects the Guidelines calculation, and consider the relevant 18 U.S.C. § 3553(a) factors. *See United States v. Ali*, 508 F.3d 136, 142 (3d Cir. 2007). Sentences are reviewed for reasonableness, which is assessed by "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). The "meaningful consideration" that we look for on appellate review does not require discussion of every argument advanced by a litigant; the record need only reflect that the court considered the appropriate factors and any meritorious argument raised by the parties. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

On appeal, Luong argues that the District Court committed procedural error by allegedly failing to address his arguments for why the career offender enhancement should not apply to him. Specifically, Luong contends first that the District Court did not respond to his argument that career offender status was intended to deter a different class of criminal offenders, and second that the Court's reasoning improperly focused on his recent string of bank robberies and not on the prior convictions that resulted in his career

offender status.  Because these arguments are plainly contrary to the record, we reject them.

Our review of the record reveals thoughtful and thorough consideration by the District Court of each argument raised by Luong.  As to the first argument, Luong raised a facial challenge to the career offender guidelines on the grounds that the Commission was acting outside of its expertise and statutory authority in expanding the application of the career offender status to individuals such as himself.  In response, the District Court noted Luong's argument that "the Guideline itself is flawed" but concluded:

> I find that the career offender Guideline set forth in 4B1.1 . . . is not irrational and does not offend the mandate that the Sentencing Commission is called upon to fulfill. . . .  The particular mandate from Congress for the strict sentencing of individuals that fall within this category is contained in Section 994(h), the Supreme Court has interpreted as unambiguous and case after case has upheld the availability of such an enhancement for appropriate situations.

(App. 49.)  The District Court clearly considered and rejected this argument, and no procedural flaw is present in its reasoning.

Second, Luong contends that the District Court improperly focused on his present offenses – including the actual and attempted bank robberies to which he admitted but of which he was not convicted – as opposed to his prior convictions in determining whether he was the type of criminal to which the career offender status should apply.  Again, we find this contention flatly contrary to the record.  The District Court reasoned that "[o]ne of the factors that the career offender status is seeking to predict is the prospect of

5

recidivism." (App. 32.) The Court then specifically considered whether Luong's entire

criminal history demonstrated a pattern of recidivism, and concluded that it did:

> It's a case where career offender status appears to be appropriate . . . not
> only the technical sense that he has the predicate convictions, but also the
> real life sense that he indeed shares the characteristics of career offender
> with other individuals who recidivism is well-documented and predictable.
>
> I have considered whether his two predicate crimes are serious enough that
> they should be called upon to pull this amount of freight. And they are,
> they qualify again not only technically but also in actuality.

(App. 51-52.) Regardless of Luong's arguments that the District Court noted the extent

of his more recent bank robbery spree, the Court clearly stated that his predicate crimes –

the drug offense and the aggravated assault – were themselves enough to justify career

offender status. We see no procedural flaw in this reasoning.

### III.

For the foregoing reasons, we will affirm the sentence of the District Court.